BENJAMIN B. WAGNER
United States Attorney
KIMBERLY A. SANCHEZ
Assistant U.S. Attorney
4401 Federal Building
2500 Tulare Street
Fresno, California 93721
Telephone: (559) 497-4000

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 01:11-CR-00334 AWI |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OF PLEA AGREEMENT |
| v. | ) | PURSUANT TO RULE 11(c) OF THE |
| | ) | FEDERAL RULES OF CRIMINAL |
| | ) | PROCEDURE |
| RAYMOND GALVAN LORONA, | ) | |
| | ) | Date: February 21, 2012. |
| | ) | Time: 10:00 a.m. |
| Defendant. | ) | PLACE:Courtroom 2 |
| | ) | Hon. Anthony W. Ishii |
| | ) | |

Pursuant to Rule 11(c) of the Federal Rules of Criminal Procedure, the United States of America, by and through Benjamin B. Wagner, the United States Attorney for the Eastern District of California, and Assistant United States Attorney Kimberly A. Sanchez, and Defendant, Raymond Galvan Lorona, and his attorney, Yan Shrayberman, have agreed as follows:

1. <u>Charges</u>.

The defendant acknowledges that he has been charged in an indictment as follows:

COUNT 1: 26 U.S.C. § 5861(d) - Possession of a Firearm Not Registered in the National Firearm Registry

1

The defendant further acknowledges that he has been charged in a superseding information as follows:

COUNT 1:   18 U.S.C. §4 - Misprison of a Felony

The defendant understands that he has a right to be charged by indictment issued by a Grand Jury. The defendant waives that right and agrees to proceed by way of information.

2. Nature, Elements and Possible Defenses.

The defendant has read the charges against him contained in the indictment and information and those charges have been fully explained to him by his attorney. Further, the defendant fully understands the nature and elements of the crime in Count One of the inforamtion to which he is pleading guilty, together with the possible defenses thereto, and has discussed them with his attorney.

**COUNT 1 - Misprison of a Felon:**

The elements of the crime of misprison of a felony are:

First, that the defendant knew that Mohammad Michael Odeh, Nicole Perez, and John Rodriguez were committing a felony cognizable by a Court of the United States, to wit, possession of stolen firearms; and

Second, that the defendant either concealed or did not as soon as possible make known the same to some judge or other person in civil or military authority under the United States.

3. Agreements by the Defendant.

(a)   Defendant agrees that this plea agreement shall be

2

filed with the court and become a part of the record of the case.

(b)  Defendant agrees to enter a plea of guilty to Count 1 of the indictment which charges him with misprison of a felony in violation of Title 18, United States Code, Section 4.

(c)  Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his automatic removal from the United States.

(d)  Defendant understands and agrees that he will not be allowed to withdraw his plea should the Court fail to follow the government's sentencing recommendations.

(e)  Defendant knowingly and voluntarily waives his Constitutional and statutory rights to appeal his plea, sentence and conviction except as set forth within this paragraph.  The defendant is aware that Title 18, United States Code, Section

3742 affords a defendant the right to appeal any sentence imposed. Acknowledging this, the defendant knowingly and voluntarily agrees to waive all Constitutional and statutory rights to appeal his conviction and sentence, including, but not limited to an express waiver of appeal of this plea (including any venue and statute of limitations issues) and to attack collaterally his mental competence, and his plea, or his sentence, including but not limited to, filing a motion under 28 U.S.C. §2255, 28 U.S.C. 2241, or 18 U.S.C. §3742, or otherwise.

If the defendant's conviction on the counts to which he is pleading guilty is ever vacated at the defendant's request, or his sentence is ever reduced at his request, the government shall have the following rights : (1) to prosecute the defendant on any count to which he pleaded guilty; (2) to reinstate any counts that may be dismissed under this agreement; and (3) to file any new charges that would otherwise be barred by this agreement. The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office. By signing this agreement, the defendant agrees to waive any objections, motions, and defenses he might have to the government's decision, including Double Jeopardy. In particular, he agrees not to raise any objections based on the passage of time with respect to such counts including, but not limited to, any statutes of limitation or any objections based on the Speedy

4

Trial Act or the Speedy Trial Clause of the Sixth Amendment.

(f) Defendant further acknowledges that his plea of guilty is voluntary and that no force, threats, promises or representations have been made to anybody, nor agreement reached, other than those set forth expressly in this agreement, to induce the defendant to plead guilty.

(g) The defendant agrees to cooperate fully with the government and any other federal, state, or local law enforcement agency, as directed by the government. As used in this Plea Agreement, "cooperation" requires the defendant: (1) to respond truthfully and completely to all questions, whether in interviews, in correspondence, telephone conversations, before a grand jury, or at any trial or other court proceeding; (2) to attend all meetings, grand jury sessions, trials, and other proceedings at which the defendant's presence is requested by the government or compelled by subpoena or court order; (3) to produce voluntarily any and all documents, records, or other tangible evidence requested by the government; (4) not to participate in any criminal activity while cooperating with the government; and (5) to disclose to the government the existence and status of all money, property, or assets, of any kind, derived from or acquired as a result of, or used to facilitate the commission of, the defendant's illegal activities or the illegal activities of any conspirators.

5

If the defendant commits any crimes or if any of the defendant's statements or testimony prove to be knowingly false, misleading, or materially incomplete, or if the defendant otherwise violates this Plea Agreement in any way, the government will no longer be bound by its representations to the defendant concerning the limits on criminal prosecution and sentencing as set forth herein. The determination whether the defendant has violated the Plea Agreement will be under a probable cause standard. If the defendant violates the Plea Agreement, he shall thereafter be subject to prosecution for any federal criminal violation of which the government has knowledge, including but not limited to perjury, false statements, and obstruction of justice. Because disclosures pursuant to this Plea Agreement will constitute a waiver of the Fifth Amendment privilege against compulsory self-incrimination, any such prosecution may be premised on statements and/or information provided by the defendant. Moreover, any prosecutions that are not time-barred by the applicable statute of limitations as of the date of this Plea Agreement may be commenced in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this Plea Agreement and the commencement of any such prosecutions. The defendant agrees to waive all defenses based on the statute of limitations or delay of prosecution with respect to any prosecutions that are not

time-barred as of the date of this Plea Agreement.

If it is determined that the defendant has violated any provision of this Plea Agreement or if the defendant successfully moves to withdraw plea: (1) all statements made by the defendant to the government or other designated law enforcement agents, or any testimony given by the defendant before a grand jury or other tribunal, whether before or after this Plea Agreement, shall be admissible in evidence in any criminal, civil, or administrative proceedings hereafter brought against the defendant; and (2) the defendant shall assert no claim under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule, that statements made by the defendant before or after this Plea Agreement, or any leads derived therefrom, should be suppressed. By signing this Plea Agreement, the defendant waives any and all rights in the foregoing respects.

(h) Defendant agrees to waive all rights under the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), to recover attorneys' fees or other litigation expenses in connection with the investigation and prosecution of all charges in the above-captioned matter and of any related allegations (including without limitation any charges to be dismissed pursuant to this Agreement and any charges previously dismissed).

7

(i)  If it is determined that the defendant has violated any provision of this Plea Agreement or if the defendant successfully moves to withdraw plea:  (1) all statements made by the defendant to the government or other designated law enforcement agents, or any testimony given by the defendant before a grand jury or other tribunal, whether before or after this Plea Agreement, shall be admissible in evidence in any criminal, civil, or administrative proceedings hereafter brought against the defendant; and (2) the defendant shall assert no claim under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule, that statements made by the defendant before or after this Plea Agreement, or any leads derived therefrom, should be suppressed.  By signing this Plea Agreement, the defendant waives any and all rights in the foregoing respects.

(j)  The defendant understands that the Court must consult the Federal Sentencing Guidelines (as promulgated by the Sentencing Commission pursuant to the Sentencing Reform Act of 1984, 18 U.S.C. §§ 3551-3742 and 28 U.S.C. §§ 991-998, and as modified by United States v. Booker and United States v. Fanfan, 543 U.S. 220 (2005), and must take them into account when determining a final sentence.  Defendant understands that the Court will determine a non-binding and advisory guideline

8

sentencing range for this case pursuant to the Sentencing Guidelines. Defendant further understands that the Court will consider whether there is a basis for departure from the guideline sentencing range (either above or below the guideline sentencing range) because there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines. Defendant further understands that the Court, after consultation and consideration of the Sentencing Guidelines, must impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a).

4. <u>Agreements by the Government</u>.

(a) If the United States Probation Office determines that a three-level reduction in defendant's offense level for full and clear demonstration of acceptance of responsibility is appropriate under U.S.S.G. § 3E1.1, the government will not oppose such a reduction and will so move under §3E1.1(b), so long as the defendant pleads guilty, meets with and assists the probation officer in the preparation of the pre-sentence report, is truthful and candid with the probation officer, and does not otherwise engage in conduct that constitutes obstruction of justice within the meaning of U.S.S.G § 3C1.1, either in the preparation of the pre-sentence report or during the sentencing proceeding.

9

Recommendations

(b)  The government agrees to recommend that the defendant be sentenced to the low end of the sentencing guidelines.

(c)  The government agrees to recommend at the time of sentencing that the defendant's sentence of imprisonment be reduced by up to 50% of the applicable guideline sentence if he provides substantial assistance to the government, pursuant to U.S.S.G. § 5K1.1. Should the defendant provide additional assistance, the government may recommend an additional reduction at the time of sentencing. The defendant understands that he must comply with paragraph 3(g) of this Agreement. The defendant understands that it is within the sole and exclusive discretion of the government to determine whether the defendant has provided substantial assistance. The defendant understands that the government may recommend a reduction in his sentence of less than 50%, depending upon the level of assistance the government determines that the defendant has provided. If the government's recommended reduction pursuant to § 5K1.1 is for a sentence below the statutory mandatory minimum, the government will also move the Court for a reduction below that minimum term, pursuant to 18 U.S.C. § 3553(e). The defendant further understands that a motion pursuant to U.S.S.G. § 5K1.1 is only a recommendation and is not binding on the Court, that this Agreement confers no right upon the defendant to require that the government make a § 5K1.1

motion, and that this Agreement confers no remedy upon the defendant in the event that the government declines to make a § 5K1.1 motion. In particular, the defendant agrees not to try to file a motion to withdraw his plea based on the fact that the government decides not to recommend a sentence reduction or recommends a sentence reduction less than the defendant thinks is appropriate.

If the government determines that the defendant has provided further cooperation within one year following his sentencing, the government may move for a further reduction of his sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure.

(e) The defendant acknowledges and understands that the government makes no other representations to him regarding fines, whether any other specific offense characteristics apply to his conduct his criminal history or criminal history points under Chapter Four or whether additional enhancements or reductions under Chapter Three or Five of the United States Sentencing Guidelines apply and defendant understands that the government is free to comment and to make recommendations to the court and the probation office regarding those matters.

5.    Factual Basis.

Defendant will plead guilty because he is in fact guilty of the crime set forth in Count 1 of the Information. Defendant also agrees that the following are the facts of this case,

11

although he acknowledges that, as to other facts, the parties may disagree:

On July 15, 2011, John Rodriguez and other coconspirators stole 26 fully automatic German-made AK-74 machineguns from a US Army installation at Fort Irwin, CA. On or about July 27, 2011, the defendant became aware that some of the stolen machineguns were being stored at the residence of Mohammad Michael Odeh and Nicole Perez. The defendant told Odeh and Perez to get rid of the guns, and concealed and did not as soon as possible make known the same to some judge or other person in civil or military authority under the United States.

6. <u>Potential Sentence</u>.

The following is the maximum potential sentence which defendant faces:

<u>COUNT 1</u>:

    (a)   Imprisonment.

           Minimum: None.

           Maximum: Three years imprisonment.

    (b)   Fine.

           Maximum: $250,000

    (c)   Both such fine and imprisonment.

    (d)   Term of Supervised Release:

           Minimum: None.

           Maximum: 1 year.

           (Should the defendant violate any of the terms of his supervised release, he can be returned to prison for the period of supervised release actually imposed by the Court or 1 year, whichever is less.)

    (e)   Penalty Assessment.

Mandatory: One Hundred dollars ($100.00).

7. <u>Waiver of Rights</u>.

Defendant understands that by pleading guilty he surrenders certain rights, including the following:

(a) If defendant persisted in a plea of not guilty to the charges against him, he would have the right to be represented by an attorney at all stages of the proceedings, and would have a right to a public and speedy trial. The trial could be either a jury trial or a trial by a judge sitting without a jury. Defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, defendant, the government and the judge all must agree that the trial be conducted by the judge without a jury.

(b) If the trial were a jury trial, the jury would be composed of twelve lay persons selected at random. Defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent and that it could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt.

(c) If the trial were held before a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he was persuaded of the defendant's guilt beyond a reasonable doubt.

(d) At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence on his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court. At trial, the defendant would also have the right to assistance of legal counsel. If he could not afford legal counsel, one would be appointed for him by the court at no expense to him.

(e) At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from this refusal to testify.

Defendant understands that by pleading guilty he is waiving all of the rights set forth above and defendant's attorney has explained those rights to him and the consequences of his waiver of those rights.

8. <u>Questions by Court</u>.

14

Defendant understands that if the court questions him under oath, on the record and in the presence of counsel, about the offense to which he has pleaded guilty, his answers, if false, may later be used against him in a prosecution for perjury.

9.  Entire Agreement.

This plea of guilty is freely and voluntarily made and not the result of force or threats or of promises apart from those set forth in this plea agreement. There have been no representations or promises from anyone as to what sentence this Court will impose.

10.  Court not a Party.

It is understood by the parties that the sentencing court is neither a party to nor bound by this agreement and the sentencing judge is free to impose the maximum penalties as set forth in paragraph 6. Further, in making its sentencing decision, the Court may take into consideration any and all facts and circumstances concerning the criminal activities of defendant, including activities which may not have been charged in the indictment.

11.  Presentence Report.

Defendant understands that the United States Probation Office is not a party to this agreement and will conduct an independent investigation of defendant's activities and his background. It will then prepare a presentence report which it

15

will submit to the Court as its independent sentencing recommendation. In addition, the government will fully apprise the Probation Office, as well as the Court, of the full and true nature, scope and extent of the defendant's criminal activities, including information on his background and criminal history.

BENJAMIN B. WAGNER
United States Attorney

DATED: 2/17/12    By  /s/
KIMBERLY A. SANCHEZ
Assistant U.S. Attorney

DATED: 02/11/12    /s/ Raymond G. Lorona
RAYMOND GALVAN LORONA
Defendant

DATED: 2/11/12    /s/
YAN SHRAYBERMAN
Attorney for Defendant